UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZI YANG,<br><br>Petitioner,<br><br>v.<br><br>ACTING FIELD OFFICE DIRECTOR, ERO NEW YORK FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, in his or her official capacity; ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, in his or her official capacity; and MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,<br><br>Respondents. | Case No. 1:26-cv-05402 (AMD)<br><br>**JOINT STIPULATION AND ORDER OF DISMISSAL** |

IT IS HEREBY STIPULATED AND AGREED, by and between Petitioner Zi Yang ("Petitioner") and Respondents (together, the "Parties"), through their undersigned counsel, as follows:

WHEREAS, Petitioner currently is in removal proceedings and is not yet subject to a final order of removal;

WHEREAS, an Immigration Judge in the Miami Krome Immigration Court found Petitioner was subject to 8 U.S.C. § 1226(a), held a bond hearing, and released Petitioner on bond, and in addition prohibited Petitioner from further driving until he is issued a valid New York driver's license;

WHEREAS, on September 1, 2026, Petitioner, then proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) (the "Petition"), challenging the GPS ankle monitor and the smartphone monitoring application that he has been required to use since March 24, 2026, through the Intensive Supervision Appearance Program ("ISAP");

WHEREAS, on September 1, 2026, the Court ordered Respondents to show cause why the Petition should not be granted; on September 4, 2026, Respondents filed an opposition to the Petition (ECF No. 4); and on September 9, 2026, Petitioner, still proceeding pro se, filed a reply (ECF No. 5);

WHEREAS, during this period, the parties communicated and attempted to resolve the matter, but were not successful;

WHEREAS, Petitioner thereafter retained undersigned counsel, who appeared on his behalf on September 28, 2026 (ECF No. 6);

WHEREAS, the Court has scheduled a hearing in this matter for November 4, 2026 (see Order dated September 28, 2026, Order dated October 13, 2026, Order dated October 19, 2026, and Orders dated October 26, 2026); and

WHEREAS, the Parties have conferred and wish to resolve this matter without further litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their undersigned counsel that:

1. Respondents agree to terminate all electronic monitoring of Petitioner. To effectuate this, within two business days of entry of this Joint Stipulation and [Proposed] Order of Dismissal (the “Order”), Respondents will contact Petitioner regarding where to present for removal and termination of electronic monitoring. Upon Petitioner’s presentation at the designated location, Respondents will remove Petitioner’s GPS ankle monitor, deactivate and discontinue Petitioner’s use of the smartphone monitoring application, and release Petitioner from any other restrictions on his liberty imposed as a result of the electronic monitoring.

2. Respondents shall submit a letter to the Court certifying compliance with this Order within two business days of the removal of the electronic monitoring.

3. Respondents shall not reimpose electronic monitoring, detain Petitioner without the requisite procedural protections, or impose any similar restriction on Petitioner's liberty beyond the reporting requirements in place prior to his October 2025 re-detention. Petitioner's reporting requirements shall return to the schedule in effect prior to his October 2025 re-detention, reporting in-person once annually. Respondents shall not impose any additional or more restrictive conditions absent an Order from an Immigration Judge or a subsequent Order from this Court, unless and until there is a final order of removal, Petitioner is arrested by federal, state or local law enforcement, Petitioner violates the conditions of his bond or Petitioner is engaged in a border crossing.

4. Nothing in this Order shall be construed as limiting Respondents' ability to provide Petitioner notice of his annual in-person check-in consistent with the reporting schedule set forth above or, upon Petitioner becoming subject to a final order of removal, to detain Petitioner under 8 U.S.C. § 1231 as relevant, or to set conditions for an Order of Supervision under 8 U.S.C. § 1231(a)(3) as relevant. Petitioner's obligation to participate and personally appear, as necessary, in his administrative immigration proceedings is not affected in any way by this Order.

5. To the extent that, after the removal of electronic monitoring is effectuated pursuant to Paragraph 1 of this Order, Respondents reimpose electronic monitoring in a manner inconsistent with this Order, Petitioner may promptly file a new petition for a writ of habeas corpus and designate it as related to this case, and the Court may take further action as appropriate.

6. This action shall be dismissed in its entirety with prejudice, with each party to bear its own costs, expenses and fees, after Respondents notify the Court of compliance.

7. Upon dismissal pursuant to Paragraph 6, the Clerk of Court is respectfully directed ~~to enter judgment dismissing this action consistent with this Stipulation and Order and~~ to close the case.

Dated: New York, New York
November 3, 2026

**JENNER & BLOCK LLP**
Counsel for Petitioner

By: ____*Brian J. Fischer*__
Brian J. Fischer
Jenner & Block LLP
1155 6th Avenue
New York, N.Y. 10036
Tel: (212) 891-1629
bfischer@jenner.com

*Jas Singh*
Jas Singh
*Pro Hac Vice*
Jenner & Block LLP
1155 6th Avenue
New York, N.Y. 10036
Tel: (212) 407-1720
jsingh@jenner.com

Dated: Brooklyn, New York
November 3, 2026

**JOSEPH NOCELLA, JR.**
United States Attorney

By: s/ Artemis Lekakis
Artemis Lekakis
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
*Counsel for Respondents*
Tel: (718) 254-6096
Artemis.lekakis@usdoj.gov

**SO ORDERED**

Dated: Brooklyn, New York
__November 4_, 2026

s/Ann M. Donnelly
The Honorable ANN M. DONNELLY
United States District Judge